# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50777
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLOVIS JOSEPH SCHEXNAYDER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-106-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Clovis Joseph Schexnayder pleaded guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and received a sentence of, *inter alia*, 46-months' imprisonment. In his sole issue on appeal, he challenges the imposition of a six-level enhancement pursuant to Sentencing Guideline § 2A3.5(b)(1)(A) (applies if "defendant committed . . . a sex offense against someone other than a minor"), based on the district court's finding he had

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

committed a sex offense during the time he had failed to register.  In that regard, Schexnayder asserts the court erred in its finding his involvement in that offense based on a preponderance of the evidence, rather than the reasonable-doubt, standard.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  As discussed, only procedural error is claimed.

"The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guidelines sentencing range."  *United States v. Lewis*, 476 F.3d 369, 389 (5th Cir. 2007) (citation omitted).  This standard applies even if the issue involves defendant's commission of another offense.  *See United States v. Watts*, 519 U.S. 148, 156–57 (1997) (per curiam).  Schexnayder concedes our court has rejected his contention in binding precedent (*see Lewis*), and raises the issue only in order to preserve it for possible further review.

AFFIRMED.